**Thomas LICAVOLI, Petitioner-Appellant,**

v.

**E. L. MAXWELL, Warden, Respondent-Appellee.**

**No. 20670.**

United States Court of Appeals, Sixth Circuit.

March 5, 1971.

F. Lee Bailey, Boston, Mass. (Gerald Alch, Boston, Mass., Moses Krislov, Cleveland, Ohio, Joseph Rotondo, Columbus, Ohio, on the brief), for appellant.

Stephen M. Miller, Columbus, Ohio (Paul W. Brown, Atty. Gen., Columbus, Ohio, on the brief), for appellee.

Before WEICK, MILLER, and KENT, Circuit Judges.

PER CURIAM.

Appellant was convicted of murder in 1934 in Lucas County, Ohio. A direct appeal was taken and the conviction was affirmed in 1935. In 1965 appellant filed a motion for a delayed appeal with the Ohio Supreme Court which was denied. Post-conviction relief was sought under the laws of the State of Ohio in 1966, and concluded when the appeal was dismissed in April, 1967, by the Ohio Supreme Court. Certiorari was denied

by the United States Supreme Court on October 9, 1967, Licavoli v. Ohio, 389 U. S. 830, 88 S.Ct. 93, 19 L.Ed.2d 87. Thereafter appellant filed an application for a writ of habeas corpus in the United States District Court for the Southern District of Ohio. In his application for the writ the appellant contended that he was denied his right to a fair trial for the following reasons:

(1) Testimony of witnesses at petitioner's trial was coerced by State officials without regard for truth; and that the admission of the testimony into evidence denied petitioner his rights to due process of law.

(2) Petitioner was deprived of his constitutional right to a fair trial by a community permeated with an atmosphere of prejudice by reason of unfair and prejudicial publicity.

(3) The totality of the circumstances and conditions existing and occurring in the course of the trial deprived petitioner of a trial meeting the minimum requirements of due process.

(4) The four count indictment which charged petitioner as one of thirteen persons who conspired to kill certain persons was defective in that it lacked the requisite specificity required under the United States Constitution.

These same contentions are urged on this appeal.

The District Court accorded the appellant a full and complete hearing, at which he was represented by able counsel of his own choosing. The District Judge in a very carefully prepared memorandum opinion discussed each of the issues raised, at length. It appears from the record that all of the alleged coercion of the prosecution witnesses was made known to the trial jury. The District Judge analyzed all pretrial and trial publicity and concluded that such publicity fell far short of that which was found constitutionally reprehensible in Sheppard v. Maxwell, 384 U.S. 333, 86 S.Ct. 1507, 16 L.Ed.2d 600 (1966). The District Judge examined the record and concluded that the conduct of the trial

satisfied the requirements of due process and also concluded that the indictment under which the appellant was convicted was a valid indictment, under Ohio law, at the time that it was returned.

For the reasons given by District Judge Joseph P. Kinneary, in his memorandum opinion, this Court is satisfied that the petition for writ of habeas corpus was properly denied and the action was properly dismissed.

Judgment affirmed.